1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD R. WEBB, SR.,

11            Plaintiff,                              No. 2:12-cv-0345 EFB P

12        vs.

13   CALIFORNIA DEPART. OF CORRECTIONS
     AND REHABILITATION, et al.,
14
              Defendants.                    ORDER
15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.[1]  He requests leave to proceed in forma pauperis and that the court appoint

18   counsel.

19       To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28

20   U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit a properly completed

21   affidavit and trust account statement required by 28 U.S.C. § 1915(a).  Plaintiff has submitted his

22   trust account statement, but has not filed an affidavit using the form application for this district.

23   ////

24   _____

25       [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  Dckt. No. 5; *see* E.D.
26   Cal. Local Rules, Appx. A, at (k)(4).

1

1 Accordingly, plaintiff's in forma pauperis application is denied without prejudice to filing the

2 application on the proper form.

3      Plaintiff also seeks appointment of counsel. District courts lack authority to require

4 counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist.*

5 *Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

6 attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

7 *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

8 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

9 consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

10 his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560

11 F.3d 965, 970 (9th Cir. 2009). The court finds there are no exceptional circumstances in this

12 case.

13      Accordingly, IT IS HEREBY ORDERED that:

14      1. Plaintiff's application to proceed in forma pauperis (Dckt. No. 3) is denied without

15 prejudice;

16      2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

17 Forma Pauperis By a Prisoner;

18      3. Plaintiff shall submit, within thirty days from the date of this order, a completed

19 application to proceed in forma pauperis. Plaintiff's failure to comply with this order will result

20 in this action being dismissed without prejudice.

21      4. Plaintiff's February 9, 2012, request for appointment of counsel (Dckt. No. 2) is

22 denied.

23 DATED: June 28, 2012.

                                    EDMUND F. BRENNAN
24                                  UNITED STATES MAGISTRATE JUDGE

25

26